**Not for Publication**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRANCE MINOR,<br><br>    *Plaintiff*,<br><br>v.<br><br>ALLSTATE NEW JERSEY INSURANCE COMPANY, ABC CORPORATION (1-5) and JOHN DOES (1-5),<br><br>    *Defendants*. | Civil Action No. 22-05086<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

    This matter arises out of an insurance coverage dispute following an automobile accident. Plaintiff claims that he is entitled to uninsured motorist coverage from Defendant Allstate New Jersey Insurance Company ("Allstate") and alleges breach of contract, breach of the covenant of good faith and fair dealing, bad faith, and violation of New Jersey's Insurance Fair Conduct Act ("IFCA"). Defendant filed the present motion, seeking dismissal of the Second through Fifth Counts of the Complaint. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, Defendant's motion is **GRANTED**.

---

[1] The submissions consist of Allstate's motion to dismiss, D.E. 5 ("Br."); Plaintiff's opposition, D.E. 7 ("Opp"); and Allstate's reply, D.E. 8 ("Reply"). The Court notes that Plaintiff's opposition was filed more than one week late, without any explanation from Plaintiff's counsel. *See* L. Civ. R. 7.1(d)(2) (requiring any opposition to a motion to be filed 14 days prior to the motion day). The Court considers the untimely filing but cautions counsel against such action in the future.

I.   **BACKGROUND**[2]

Plaintiff alleges that on or about October 18, 2020, he was a passenger in a BMW automobile which was owned and operated by Jim Flagg. D.E. 1-1 ("Compl."), First Count[3] ¶ 11. Flagg was driving in East Orange, New Jersey, when an "unknown driver and vehicle came into contact with the rear of the" BMW. *Id.*, First Count ¶ 12. "The unknown driver fled the scene." *Id*. Plaintiff alleges that he "sustained serious and permanent injuries" as a result of the collision. *Id.*, First Count ¶ 13.

Flagg's BMW was insured by Allstate. *Id.*, First Count ¶ 15. Plaintiff claims that the insurance policy provides him with uninsured motorist coverage. *Id.*, First Count ¶ 16. Plaintiff alleges that he attempted to reach a resolution of his claim by "exchang[ing] correspondence, including medical records" with Allstate and having "numerous discussions with various representatives of Defendant[.]" *Id.*, First Count ¶ 18. According to Plaintiff, Allstate has "refused to settle Plaintiff's [uninsured motorist] claim" or go to arbitration. *Id.* First Count ¶ 20. Plaintiff also claims that Allstate "advised that if arbitration was awarded [Allstate] intended to bring an action in court through the policy terms and conditions." *Id.*

Plaintiff filed suit in the Superior Court of New Jersey. *See* Compl. While the Complaint is not a model of clarity, Plaintiff appears to allege breach of contract (First Count), breach of the covenant of good faith and fair dealing (Second Count), "tortious breach of the implied covenant of good faith and fair dealing" (Third Count), general allegations of "bad faith" (Fourth Count), and unfair trade practices in violation of New Jersey's Insurance Fair Conduct Act (Fifth Count).

---

[2] The factual background is taken from Plaintiff's Complaint. D.E. 1-1.

[3] The Court cites to specific counts in the Complaint because the paragraph numbering begins anew with each separate count.

That case was timely removed to this Court by Defendant, D.E. 1, and the present motion followed, D.E. 5.

## II.  STANDARD OF REVIEW

Allstate moves to dismiss the Second through Fifth Counts of the Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007) (citation omitted). If, after viewing the allegations in the complaint in the manner most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols., LLC*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

"[T]he defendant bears the burden of showing that the plaintiff has not stated a claim." *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 299 n.4 (3d Cir. 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)).

## III.  ANALYSIS

Defendant has not sought dismissal of the First Count, so that Count remains unaffected by this decision.  Moreover, Plaintiff agrees with dismissal of the Third, Fourth, and Fifth Counts, and thus the Court need not analyze those claims—they are dismissed with prejudice, as requested by Defendant.  *See* Opp. ¶ 2 ("[P]laintiff has no object[ion] to the motion dismissing various causes of action in the state complaint.").  The parties only dispute the Second Count, which alleges breach of the covenant of good faith and fair dealing.  Allstate argues that New Jersey law requires allegations of bad faith to sustain such a claim, and that Plaintiff has not plausibly pled bad faith.  Plaintiff merely states that he disagrees with dismissal of the Second Count, and cites to *Rova Farms Resort, Inc. v. Investors Ins. Co. of Am.*, 65 N.J. 474 (1974), for the proposition that he "is entitled to the carrier acting in [g]ood [f]aith."  Opp. ¶ 5.

Under New Jersey law, a plaintiff must allege the following as to a breach of the duty of good faith and fair dealing: "(1) the defendant act[ed] in bad faith or with a malicious motive, (2) to deny the plaintiff some benefit of the bargain originally intended by the parties, even if that benefit was not an express provision of the contract."  *Red Hawk Fire & Sec., LLC v. Siemens Indus. Inc.*, 449 F. Supp. 3d 449, 463 (D.N.J. 2020) (citation and internal quotation marks omitted); *see also Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 288 (3d Cir. 2000) ("A party to a contract breaches the covenant [of good faith and fair dealing] if it acts in bad faith or engages in some other form of inequitable conduct in the performance of a contractual obligation.").  In the insurance coverage context, establishing bad faith requires a plaintiff to

"'show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim.'" *Raritan Bay Fed. Credit Union v. CUMIS Ins. Soc'y, Inc.*, No. 09-1512, 2009 WL 2223049, at *3 (D.N.J. July 23, 2009) (quoting *Pickett v. Lloyd's*, 131 N.J. 457, 473 (1993)). Allegations that the carrier denied coverage, standing alone, are insufficient to plead bad faith and survive a motion to dismiss. *Id.* at *3-4; *see also Yapak, LLC v. Mass. Bay Ins. Co.*, No. 09-3370, 2009 WL 3366464, at *2 (D.N.J. Oct. 16, 2009) (holding that allegations which "simply amount to the proposition that Plaintiff made an insurance claim that was denied" do not "support an inference that Plaintiff's claim for breach of the duty of good faith and fair dealing is a plausible one").

Plaintiff has not adequately alleged bad faith. Plaintiff claims that his attorney "exchanged correspondence, including medical records" with Allstate and that the parties had "numerous discussions" about "the possible resolution of the Plaintiff's [uninsured motorist] claim[.]" Compl., First Count ¶ 18. Plaintiff further alleges that Allstate has "refused to settle" or "go to arbitration," and that Allstate "advised that if arbitration was awarded [Allstate] intended to bring an action in court through the policy terms and conditions." *Id.*, First Count ¶ 20. According to Plaintiff, this constitutes a refusal "to properly compensate Plaintiff" in violation of the duty of good faith and fair dealing. *Id.*, Second Count ¶ 5. These allegations simply claim that Allstate has denied coverage or declined to settle with Plaintiff, which is insufficient to allege bad faith. *See Yapak*, 2009 WL 3366464, at *2. The Complaint and Plaintiff's opposition do not point to any specific provisions of the insurance contract or to any specific dealings between the parties which could potentially allow the Court to infer that Allstate had no reasonable basis to deny coverage. *See Raritan Bay*, 2009 WL 2223049, at *3 ("[T]he mere allegation that [defendant's] denial of coverage inferentially establishes bad faith relies on the very speculation that *Twombly*

forbids."). Moreover, Plaintiff argues that Allstate removed this case "without knowing what the injuries are regarding this plaintiff."[4] Opp. at ¶¶ 3-4. If Plaintiff did not inform Allstate of his injuries, it is difficult to imagine how Allstate could be acting in bad faith by refusing to settle the coverage claim. For these reasons, the Second Count is dismissed for failure to state a claim.

## IV. CONCLUSION

For the reasons stated herein, Defendant Allstate's motion to dismiss, D.E. 5, is **GRANTED**. The Second Count of the Complaint is **dismissed without prejudice**. Plaintiff may file an amended complaint that cures the identified deficiencies as to the Second Count within thirty (30) days. If Plaintiff does not file an amended complaint within this time, the Second Count will be dismissed with prejudice. The Third, Fourth, and Fifth Counts of the Complaint are **dismissed with prejudice**. An appropriate Order accompanies this Opinion.

Dated: January 5, 2023

_____
John Michael Vazquez, U.S.D.J.

---

[4] The Court notes that this statement is inconsistent with Plaintiff's allegation that he provided Allstate with medical records. Compl., First Count ¶ 18.